UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AHP CAPITAL MANAGEMENT LLC, <br><br>  Plaintiff(s), <br><br> v. <br><br> OAK HARBOR CAPITAL LLC, et al., <br><br>  Defendant(s). | CASE NO. C25-0007-KKE <br><br> ORDER DENYING MOTION TO STAY |

Defendant Western Alliance Bank has filed a motion to stay this action ("the *AHP Capital* action"), pending resolution of another case before this Court, *Cymbidium Restoration Trust v. American Homeowner Preservation Trust Series AHP Servicing*, No. 24-0025-KKE (W.D. Wash.) ("the *Cymbidium* action"). Dkt. No. 75. Plaintiff AHP Capital Management LLC opposes the motion, and has moved to instead consolidate this action with the *Cymbidium* action. As explained in this order, the Court finds that a stay at this time would not promote judicial economy, and the absence of a stay would not result in prejudice to any party. The Court will therefore deny the motion to stay, without prejudice to refiling at a later stage in the proceeding.

I. BACKGROUND

Cymbidium Restoration Trust ("Cymbidium") filed the *Cymbidium* action in King County Superior Court in November 2023, bringing claims for breach of contract and conversion. No. 24-

ORDER DENYING MOTION TO STAY - 1

0025, Dkt. No. 1-2. Defendants[1] removed the case to this Court in January 2024. *Id*., Dkt. No. 1. AHP filed a third-party complaint against some of the defendants in the *AHP Capital* action, bringing claims for breach of fiduciary duty, an accounting, violation of 12 U.S.C. § 2607, unjust enrichment, conversion, and tortious interference with a contract. *Id*., Dkt. No. 12. The Court set this action for trial in June 2025. *Id*., Dkt. No. 39. The Court subsequently dismissed that third-party complaint in June 2024, ruling that AHP's claims against the Third-Party Defendants were independent from the claims asserted by Cymbidium in the *Cymbidium* action, and therefore could not serve as a foundation for impleader. *Id*., Dkt. No. 59 at 6.

In September 2024, AHP filed the *AHP Capital* action in the U.S. District Court for the Central District of California against multiple parties, including some of the same Third-Party Defendants that had been listed in the (dismissed) third-party complaint in the *Cymbidium* action. *See* Dkt. No. 1. That complaint listed some of the same claims raised in the *Cymbidium* action, as well as multiple claims for civil RICO Act violations, fraud, and negligence. *Id*. The parties to the *AHP Capital* action eventually agreed that the case should be transferred to the Western District of Washington because it is related to the *Cymbidium* action. Dkt. No. 56. The motion to transfer was granted and this case arrived in this Court in January 2025. Dkt. No. 59. There are now two motions to dismiss pending in the *AHP Capital* action, and Western Alliance filed a motion to stay this action pending resolution of the *Cymbidium* action. Dkt. Nos. 74, 75, 93. The Court has not set a trial date or any pretrial deadlines in this matter. *See* Dkt. No. 84 (granting the parties' stipulated motion to extend the deadline to a file a joint status report until after the motions to consolidate, stay, and/or dismiss are resolved).

---

[1] Defendants in the *Cymbidium* action include AHP Capital Management (Plaintiff in this case), as well as American Homeowner Preservation Trust Series AHP Servicing (and its trustee U.S. Bank Trust, N.A.), American Homeowner Preservation Series 2015+ (and its trustee U.S. Bank Trust National Association), and AHP Servicing, LLC. This order refers to Defendants in the *Cymbidium* action and Plaintiff in the *AHP Capital* action as "AHP."

ORDER DENYING MOTION TO STAY - 2

After reviewing the parties' briefing on the motion to stay, the Court will deny the motion for the following reasons.

## II.  DISCUSSION

### A.  Legal Standards on a Motion to Stay

"The first-to-file rule allows a district court to stay proceedings if a similar case with substantially similar issues and parties was previously filed in another district court." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015). "[T]he purpose of the first-to-file rule is to conserve judicial resources and avoid conflicting rulings." *Gomez v. Winco Holdings, Inc.*, No. 2:23-cv-02024-TLN-DB, 2024 WL 3274837, at *2 (E.D. Cal. July 2, 2024).

A court may also stay an action under its inherent authority: "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Calif., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). Neither the parties nor the issues in the two cases need be identical in order for a stay to be warranted. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). A court considering a stay should weigh

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

### B.  The Court Finds That a Stay Is Not Appropriate Now.

It is undisputed that the *Cymbidium* action and the *AHP Capital* action share common questions of law or fact. *See* No. 24-0025, Dkt. No. 115 at 10, Dkt. No. 125 at 2, Dkt. No. 129 at

6–7, Dkt. No. 139 at 6.  Nonetheless, the Court declines to invoke the first-to-file rule or its inherent authority to stay the *AHP Capital* action pending resolution of the *Cymbidium* action, as requested by Western Alliance.  Because the first-filed action is pending before the same Court as the second-filed action, there is therefore no risk of inconsistent rulings.  *See, e.g.*, *Gomez*, 2024 WL 3274837, at *2 ("The instant action and the [first-filed] action are not only pending before the same court but have been related and are pending before the same district judge.  Thus, the risk of inconsistent rulings or wasting judicial resources is low.").

Furthermore, at this stage in both the *Cymbidium* and *AHP Capital* proceedings, the Court is not persuaded that the resolution of the *Cymbidium* action will necessarily determine or even streamline the resolution of the *AHP Capital* action.  The Court has not had an opportunity to engage with the merits of the claims in the *AHP Capital* action to any extent, and the Court's involvement with the *Cymbidium* action (since it was transferred to the undersigned) has been primarily focused on discovery disputes.  Furthermore, Western Alliance and AHP dispute the extent of the interrelationship between the claims in the two actions, and Cymbidium and/or its affiliates have resisted consolidation but did not join Western Alliance's motion for a stay of the *AHP Capital* action.  The Court finds that judicial economy is better served at this point by determining whether AHP's claims in the *AHP Capital* action withstand the pending motions to dismiss, rather than attempting to decide the contours of those claims in the context of a motion to stay.  Western Alliance has not shown that it would be prejudiced if the *AHP Capital* action proceeds at least that long.[2]

Western Alliance also contends that "the relative position of the parties in their discovery

---

[2] Moreover, the timelines of the two cases have also shifted since the motion to stay was briefed.  Since the time that Western Alliance's motion to stay was briefed, the *Cymbidium* trial has been continued to October 2025, and therefore any stay of the *AHP Capital* action would be longer than contemplated in the motion to stay.  *See* Dkt. No. 75 at 11–12 (discussing that (at that time) the discovery cutoff in the *Cymbidium* action would occur before the motion to stay the *AHP Capital* action was ripe).

ORDER DENYING MOTION TO STAY - 4

efforts will work extreme prejudice" to it (Dkt. No. 89 at 4), but any such prejudice is not *currently* felt by Western Alliance: the lack of discovery in the *AHP Capital* action should not impact the Court's ability to resolve (nor the parties' ability to brief) the pending motions to dismiss. Western Alliance has not shown that a stay is needed at this time in order to avoid that prejudice.

After the Court has had the opportunity to resolve the pending motions to dismiss in the *AHP Capital* action, and the viability of the claims presented there has been resolved, the parties and the Court may have a different perspective on whether a stay (or consolidation) would simplify the issues and thereby promote efficiency, and/or avoid prejudice. Thus, the Court will deny Western Alliance's motion to stay without prejudice to refiling at a later stage in the proceedings.

### III.    CONCLUSION

For these reasons, the Court DENIES Western Alliance's motion to stay (Dkt. No. 75) without prejudice.

Dated this 7th day of April, 2025.

Kymberly K. Evanson
United States District Judge